## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**PAUL NG INVESTORS, LLC,**

        **Plaintiff,**

**v.**

**NANO GLOBAL CORP., WCRST, LLC
and STEVE PAPERMASTER,**

        **Defendants.**

**Civil Action No. 1:20-CV-00488**

### COMPLAINT FOR BREACH OF CONTRACT

Now comes Plaintiff, Paul NG Investors, LLC ("PNGI") and for its Complaint for Breach of Contract against Defendants Nano Global Corp. ("Nano"), WCRST, LLC ("WCRST") and Steve Papermaster alleges as follows:

1.      This is an action for breach of: (1) an Amended and Restated Convertible Promissory Note in the principal amount of $4,100,000 (the "Convertible Note") between Plaintiff PNGI and Defendant Nano; (2) a Letter Agreement related to the Convertible Note between Plaintiff PNGI and Defendants WCRST and Steve Papermaster, individually; and (3) an additional Convertible Promissory Note in the original principal amount of $1,000,000 (the "Additional Note") between Plaintiff PNGI and Defendant Nano.

### The Parties

2.      Plaintiff PNGI is an Ohio Limited Liability Company with its principal place of business in Pittsburgh, Pennsylvania. The Members of PNGI are individuals and are citizens of California, Florida, Ohio and Pennsylvania.

3.      Defendant Nano is a Delaware Corporation with its principal place of business in Austin, Texas. Nano is a citizen of Delaware and Texas.  Nano may be served with a summons at 1705 Guadalupe Street, Fourth Floor, Austin, Texas 78701.

4.      Defendant WCRST is a Texas Limited Liability Company with its principal place of business in Austin, Texas.  The identity of the Members of WCRST is not publically available. After reasonable inquiry, no information indicates or suggest that WCRST or its Members are citizens of California, Florida, Ohio or Pennsylvania. Rather all information indicates and suggests that WCRST only is a citizen of Texas.  After reasonable inquiry, and on information and belief, WCRST and its Members are citizens of Texas.  WCRST may be served with a summons at 1705 Guadalupe Street, Fourth Floor, Austin, Texas 78701.

5.      Defendant Steve Papermaster ("Mr. Papermaster") is an individual and a citizen of Texas.  Mr. Papermaster is the CEO of Nano and the Co-President and Manager of WCRST.  Mr. Papermaster may be served with a summons at 1705 Guadalupe Street, Fourth Floor, Austin, Texas 78701.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7.      This Court has personal jurisdiction over each of the Defendants. Each of the Defendants resides in this judicial district.  The contracts at issue were executed by Defendants in this judicial district and involve Nano, a corporation with its principal place of business in this judicial district.

8.      Venue is proper in this judicial district under 28 USC § 1391.

**The Parties' Contracts**

9.      Defendant Nano is an early stage privately held medical technology company engaged in the development and marketing of nanotechnology-based products.  In 2016, Nano was in the process of raising capital to fund the acquisition, development and marketing of a suite of nanotechnology-based surface sanitizing and disinfectant products for medical applications.

10.      Mr. Papermaster founded Nano and at all times has been its CEO.

11.      WCRST is an entity created and owned by Mr. Papermaster to hold interests, including stock, in Nano.

12.      Sometime in 2016, Mr. Papermaster approached the eventual members of PNGI about investing in Nano.

13.      As a result of the communications with Mr. Papermaster, PNGI was formed in February 2017 for the purpose of investing in Nano.

14.      On or about March 6, 2017, PNGI entered into a number of related transactions with Mr. Papermaster, Nano and WCRST.

15.      The March 6, 2017 transactions included a Restricted Stock Transfer Agreement between PNGI and WCRST with respect to shares of Series 1 Preferred Stock of Nano (the "Stock Transfer Agreement"). A copy of the Stock Transfer Agreement is attached hereto as Exhibit 1. Under the Stock Transfer Agreement, WCRST transferred 1,900,000 shares of Series 1 Preferred Stock in Nano to PNGI at a price of $.02 per share.

16.       In addition, on March 6, 2017, PNGI invested in a Convertible Promissory Note issued by Nano (the "Convertible Note").  Under the Convertible Note, Nano agreed to repay the principal amount of $4,100,000 plus interest at the rate of 4.25% per annum on the maturity date of March 6, 2019 or earlier if Nano closed a Qualified Financing, upon which PNGI could convert

the principal of the Note into an equity security in Nano. The Convertible Note subsequently was amended and restated to extend its maturity date to March 31, 2020. A copy of the operative Amended and Restated Convertible Note is attached as Exhibit 2.

17.     Also on March 6, 2017, PNGI entered into a Letter Agreement (the "Letter Agreement") with WCRST, LLC and Mr. Papermaster, individually. A copy of the Letter Agreement, together with the most recent amendment thereto, is attached as Exhibit 3.

18.     Under the Letter Agreement, WCRST and Mr. Papermaster agreed that if, by December 1, 2017, the Convertible Note had not been converted into preferred stock in Nano, WCRST and/or Mr. Papermaster would: (1) re-purchase the shares in Nano that were the subject of the Stock Transfer Agreement at a price equal to PNGI's purchase price and (2) purchase the Convertible Note for an amount equal to the principal amount thereof and all accrued and unpaid interest.

19.     In 2019, Mr. Papermaster, on behalf of Nano, approached PNGI about additional funding, and on or about June 28, 2019, PNGI and Nano entered into an additional Convertible Promissory Note for $1,000,000 (the "Additional Note") with a maturity date of August 15, 2019.

20.     The Additional Note is not subject to the Letter Agreement.

21.     The Additional Note was amended twice to change the maturity date to September 20, 2019 and then to March 31, 2020. A copy of the Additional Note, with amendments, is attached as Exhibit 4.

22.     In December 2019, the parties agreed to amend the Convertible Note and the Letter Agreement to extend the maturity date of the Convertible Note and the corresponding date in the Letter Agreement to March 31, 2020.

23.     Accordingly, PNGI and Nano entered into an Amended and Restated Convertible Promissory Note (the "Amended Convertible Note"). Under the Amended Convertible Note, the maturity date was extended to March 31, 2020.

24.     In addition, PNGI and WCRST and Mr. Papermaster amended the Letter Agreement, with a corresponding change in the maturity date under the Letter Agreement to March 31, 2020.

25.     By the amended maturity date, March 31, 2020, Nano did not complete a Qualified Financing.

26.     By the amended maturity date, March 31, 2020, Nano did not repay any of the principal or interest on the Amended Convertible Note.

27.     By the amended maturity date, March 31, 2020, Nano also did not repay any of the principal of or interest on the Additional Note.

28.     On April 1, 2020, PNGI provided notice and demand to WCRST and Mr. Papermaster under the amended Letter Agreement to fulfill their obligations to repurchase the shares in Nano and to purchase the Amended Convertible Note.

29.     WCRST and Mr. Papermaster have not satisfied their obligations to PNGI under the Letter Agreement.

### Count I – Breach of the Amended Convertible Note – Nano

30.     Plaintiff restates each paragraph above as fully rewritten herein.

31.     PNGI and Nano are parties to the Amended Convertible Note.

32.     As of March 31, 2020, the principal amount of $4,100,000 is due and owing from Nano to PNGI on the Amended Convertible Note.

- 5 -

33.     As of March 31, 2020, interest in the amount of $570,042.72 is due and owing from Nano to PNGI on the Amended Convertible Note.

34.     Although due, Nano has failed to repay any part of principal of or interest on the Amended Convertible Note.

35.     Nano is in default of the Amended Convertible Note.

36.     PNGI has satisfied any and all conditions precedent to recovery under the Amended Convertible Note.

**Count II -- Breach of the Letter Agreement -- WCRST and Steve Papermaster**

37.     Plaintiff restates each paragraph above as fully rewritten herein.

38.     PNGI, on the one hand, and WCRST and Mr. Papermaster on the other, are parties to the Letter Agreement.

39.     Under the Letter Agreement, WCRST and Mr. Papermaster each, jointly and severally, were required within 30-days of notice from PNGI to repurchase the stock transferred to PNGI by WCRST under the Stock Purchase Agreement for the purchase price paid by PNGI therefor, and to purchase the Amended Convertible Note for an amount equal to the principal amount thereof and all accrued interest thereon.

40.     On or about April 1, 2020, PNGI made demand on WCRST and Mr. Papermaster to fulfill their obligations under the Letter Agreement.

41.     PNGI has satisfied any and all conditions precedent to recovery under the Letter Agreement.

42.     WCRST and Mr. Papermaster have failed to fulfill their obligations under the Letter Agreement.

010-9055-0373/5/AMERICAS

### Count III – Breach of the Additional Note – Nano

43.     Plaintiff restates each paragraph above as fully rewritten herein.

44.     PNGI and Nano are parties to the Additional Note.

45.     As March 31, 2020, the principal amount of $1,000,000 is due and owing from Nano to PNGI on the Additional Note.

46.     As of March 31, 2020, accrued interest in the amount of $32,720.46 is due and owing from Nano to PNGI on Additional Note.

47.     Although due, Nano has failed to repay any part of the principal of or accrued interest on the Additional Note.

48.     Nano is in default of the Additional Note.

49.     PNGI has satisfied any and all conditions precedent to recovery under the Additional Note.

### Prayer for Relief

**WHEREFORE**, Plaintiff PNGI prays for relief as follows:

A.     On Count I, compensatory damages against Nano for Nano's breach of the Amended Convertible Note in an amount of $4,670,042.72;

B.     On Count II, compensatory damages, jointly and severally against WCRST and Steve Papermaster for breach of the Letter Agreement in the amount of $38,000, representing the obligations relating to the stock repurchase and $4,670,042.72 representing the purchase price of the Amended Convertible Note;

C.     On Count III, compensatory damages against Nano for Nano's breach of Additional Note in the amount of $1,032,720.46;

D.     Its reasonable attorney fees and the costs of this action;

E.   For pre-judgment and post-judgment interest on all Counts at the maximum rate allowed by law; and

F.   Such other and further relief as this Court deems just and proper

Dated:  May 5, 2020

/s/ Michael S. Forshey
_____
Michael S. Forshey
State Bar No. 07264250
SQUIRE PATTON BOGGS (US) LLP 2000
McKinney Avenue, Suite 1700 Dallas,
Texas 75201
Tel: +214-758-1500
Facsimile: +214-758-1550
Michael.forshey@squirepb.com

Steven A. Friedman (*pro hac vice* pending)
SQUIRE PATTON BOGGS (US) LLP 4900
Key Tower
127 Public Square
Cleveland, Ohio  44114
Tel.:  +1 216-479-8500
Facsimile: +216-479-8780
steven.friedman@squirepb.com

*Attorneys for Plaintiff*
*Paul NG Investors, LLC*